May it please the Court, my name is Charles Krolikowski, and I represent the appellant 2151 Michelson in this matter. I'd like to reserve five minutes for rebuttal. May it watch the clock. Thank you. The briefing and the record in this matter is not very extensive because the case ended very quickly. And I'll get right to the point. The case kind of boils down to two issues. And the first issue is, and actually it's two statements, either none of the case should go to arbitration. You'll have to speak up, sir. I can't hear you. Yes. Either none of the case should go to arbitration or all of the case should go to arbitration. Why? Two different periods of time? Yes. And I'm going to explain that. The lease has two different dates in which the Is your position that the good bishop waived his right of arbitration by litigating the 2002? Yes, Your Honor. That is our position. Can we decide that? Or should the arbitrator decide that? Well, this Court should decide it because the district You have an arbitration agreement which says the arbitrator will decide all issues between the parties, right? That's right. This is an issue between the parties. Why shouldn't the arbitrator decide that issue? Because the district court already decided that issue. And we're asking this court now to review this district court's decision on whether the whether there was a waiver of the right to arbitrate. And so that is why I'm here. Because the district disagreed that it had to it there was a waiver. Well, the issue of whether the district court could decide waiver or not, there was no argument or evidence presented that they should not decide that issue in the first place. Because the church did not make that argument, the district court did make the decision as to whether there was or was not a waiver. But now wait a minute. I don't I don't think the district court decided the issue that Judge Bea is speaking of. The district court said it's unclear how the issue of whether a previous state court judgment has preclusive effect and whether it could itself be subject to arbitration. I don't think the district judge said the parties can't or the arbitrator can't take on the issue of waiver. That's your second issue which I think you were going to speak to. But the question here, for me, I don't I don't agree that the district court mandated that the arbitrator not look into waiver. I think the real question is where federal law comes down in terms of whether or not the 2002 arbitration is going to govern excuse me the 2002 litigation and the church's pursuit of it instead of arbitrating is going to govern whether or not this 17 issue gets arbitrated. But go right ahead. Yes. So there's two competing issues here. One is it is our position that the church waived its right to arbitrate the second rent adjustment based upon all of its conduct and first action. And I could understand an argument like let's say there's a lease and you allege that you know you breached some notice provision of a lease and then you litigate that case and then 10 or 15 years later we have an issue where you argue rent wasn't paid on time. I could see an argument there that there would be no waiver because the issues were different. In our case we have the exact same issue, the exact same parties and it's been previously litigated and not just previously litigated in court. It went to a lawsuit, a counter claim, a first appeal to the California Court of Appeal, a trial and then a second appeal. The church not only initiated with their cross complaint but litigated those cases extensively with discovery, experts, everything. And so in a case where you have the parties litigating the exact same issue 15 years earlier and then now 15 years later they want to arbitrate those issues when they litigated them to the nth degree the first time. But it's not, is it? I mean okay if the church litigated the 2017 terms in any way, shape or form and then tried to rely on an arbitration provision that would clearly be precluded I believe but I don't think you can give preclusive effect to a 2002 litigation because the economies change, rent prices have changed, all these types of things. Yes, your honor. I do understand the fact that numbers and the economy and there are changes in the market. But as we alleged in our declaratory relief action, the issues are the proper scope on how to evaluate and measure the rent adjustment based upon the terms of the lease, the methodology to be used and the fact that we believe they weighed those rights by litigating those issues before. We've litigated the methodology, how to implement the lease provision regarding how the rent should be adjusted. That has all been decided by a... So you're arguing for preclusive effect? Yes. That is to be decided by the district court judge not by the arbitrator. And here's the wrinkle behind all that, your honor. In our declaratory relief lawsuit we asked for the court at the time it was a state court before it was removed to determine the rent amount, the methodology and to decide whether there was preclusive effect based upon the prior litigation. And the good bishop after removal says those issues can be tendered to the arbitrator. That is their position. Our position is that they waive those first, that's our first position. But here's where the district court... By litigating in 2002 all the way through its final determination by the court of appeal, he irrevocably waived his right to arbitrate. Those issues, those exact same issues, yes, your honor. That is our position. So you're not arguing preclusive effect, you're arguing waiver? Waiver with respect to being in court versus being in arbitration. And here's where the district court... Do we have a case that says anything like that? We did. We did cite a case. It's a persuasive case that we cited in our brief called Schoenfeldt. And that was in our brief. And that was a situation where a... I believe it was a... Because the case I was following was a 2013 case that says to prove a waiver of arbitration you must demonstrate, one, knowledge of an existing right to compel arbitration, which obviously you have. Two, acts inconsistent with that existing right. And what you're saying is that having taken a position in 2002, taking a different one in 2017, it's inconsistent. Yes, they litigated those issues completely in 2002. They may have litigated the issue as to methodology, right? But is it inconsistent to take a position on the right of arbitration, having once abandoned it under this contract, under this lease? Is that abandonment for once and forever? Yes, Your Honor. That's what I'm asking you to say. And the Schoenfeldt case says that? Schoenfeldt. Schoenfeldt? Against Blue Cross. That was a situation where Blue Cross sought reimbursement. They filed a lawsuit to seek reimbursement for certain monies paid. They lost. The winner of that action then sued Blue Cross for many different issues related to, one of them, illicit prosecution and many things that were derived out of that initial action. Blue Cross said, well, our contract says arbitration, so we have to go to arbitration. And the court of appeals said, no, you waived that because you were involved in prior litigation on actions that were either derivative or similar to what is being addressed now. How is your client prejudiced by being compelled to go to arbitration when you can raise the preclusive effect of the earlier state proceedings and the arbitrator can decide what extent they, in fact, preclude issues or judgment? Yes, Your Honor. With respect to prejudice, you have to actually go back to the district court's ruling because the district court determined that while the methodology and the rental determination would go to arbitration, that the issue of issue preclusion was not subject to arbitration. And that's where we have our inconsistency. And then the district court dismissed the case, even though the court determined that part of the action was not subject to arbitration. And so going to the issue of prejudice, the prejudice is, which is, which, once you initiate the litigation process, which was, which occurred years and years ago, on these exact same issues, the prejudice is those issues have been decided and they're trying to litigate them again. And that is, and actually there's cases which refers to that as a presumed prejudice, having to relitigate issues that have already been decided. Okay. In addition, additional prejudice is that we may have inconsistent decisions now. We have the district court saying that the rent methodology and the amount goes to arbitration, but the issue of preclusion does not. Where does it say the issue of preclusion does not go to arbitration? Yes, Your Honor. In the district court's decision. I have it here. Yes. On the page. May I get my binders, Your Honor?  Thank you. I think it's ER 143. Yes, Your Honor. At 143 and 144, actually I think it's at the top of 144, the state court preclusion issue is not subject to arbitration. And that's where we have the disconnect here. You have the district court determining that while some issues go to arbitration, some issues do not, but then dismiss the case. The court did not stay the case to consider. What if they find that the district court was wrong as to that? Yes. Then you would go to arbitration on issue of preclusion. And that was my initial comment, Your Honor. It either, none of it goes to arbitration because our position is they waived, or all of it should go to arbitration. You don't object to that then? I do not object to that, Your Honor. All right. So then, in other words, you would be satisfied with an affirmance of the district court's dismissal of the action, no, pardon me, affirmance of the court's order to arbitrate the whole case, including issue of preclusion. I would agree that, well, if the court, if this court did not determine that the court erred in deciding that waiver did not preclude arbitration, then my position would be is that with respect to the methodology and the amount, the district court was, decision would be affirmed, that those go to arbitration, and with respect to the court's decision that the issue of preclusion is not subject to arbitration, that would be reversed, and the whole case would be sent to arbitration. I agree. And so, Your Honor, so, and frankly, when we, we didn't argue this, we submit the papers, the court made the decision on the papers, and when we got the decision, we did scratch our heads, because part of it goes to arbitration, part of it doesn't. Isn't the state court preclusion issue a sub-issue of the rental rate determination? Not necessarily. No. You want it to be, because you want that to be part of what's, how the rental rate is calculated. That was one of the several claims we made in our declaratory relief cause of action. My understanding is CPB doesn't oppose having the preclusive effect raised in the arbitration. That, that is my understanding of their position, but I also have a district court ruling which says it's not. And, and that's, and that's the, the rub that. Where did the district court say that, that the arbitrator can't consider the preclusive effect of the O2 litigation? I just don't think the district court said that. It didn't say it either way, your honor. I, I don't, the district court did not. It just said it was unclear. It was unclear, the issue. But when the, the. So, it's ambiguous language. I mean, I think you make your arguments in front of the arbitrator. Well, it's, it's not ambiguous in this respect. When the district court, in its order, says the state court preclusion issue is not subject to arbitration. That's the problem we have. And, and, and if, and I know the church's position is the whole thing should go to arbitration. And if that's how this court rules, then I agree with that as well. But my first position, which I've presented in my papers and to the district court, is that it was waived by their prior conduct in the prior action. All right, well you've lost about five, four minutes of your five you wanted to reserve, so why don't we hear from the other side?  May it please the court, I'm David Jordan. I'm appearing today on behalf of the Appalee Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints. And I'll refer to my client today as CPB, just for ease of reference. Okay, let me ask you, do you, do you oppose or is your position that the issue of res judicata or issue preclusion cannot be the subject of the arbitration? My position is that it can be the subject of arbitration. And I think there's controlling authority from this court on that point. It's the Collins case. And in that case, Collins versus D.R. Horton decided by this court in 2007, the court said, and I quote, Arbitrators are not free to ignore the preclusive effect of prior judgments. They generally are entitled to determine in the first instance whether to give prior judicial determinations preclusive effect. So it is an arbitrable question. That's not a dispute. Judge Vea has said it right. There ought to be an affirmance here. But with a note from this court that the arbitration panel can properly consider the preclusive effect, if any, of prior judgments from the state court. All right, then aren't we done? We'd have to reverse in part. I think we're done. Do you both agree on that? Aren't we done? Can we wrap this up and go home? I mean, if you both agree on that, why are we here? Well, it's a good question. I think because they want to press the point that litigating the rent reset in 2002 constitutes a waiver forever of the right to arbitrate the rent dispute that arises in 2017. I think you should address the case that your learned friend mentioned, Schoenfeld. I will address the Schoenfeld case. That's a case from the California Court of Appeals. It's not a published decision, but the facts are It's not a published decision? It's not a published decision. Then it can't be cited. It would be misconduct for a California attorney to cite an unpublished court of appeal decision. Perhaps we shouldn't mention it at all. I'm happy to address it to the extent the court would like me to, because the facts are so different there. It was a reimbursement case. Blue Cross sought reimbursement. They lost the case. And then right on the heels of that, the person who won the case filed a malicious prosecution suit. The first case, the case for reimbursement, was subject to arbitration, but Blue Cross elected not to arbitrate. They went to court. Then, when the winning party filed the malicious prosecution case on the very same issues, Blue Cross said, well, that one ought to go to arbitration. And the court of appeals said- There's a clause that said all issues between the two parties are to be arbitrated. Yes, but the court of appeals said, no, no, no, no. You just litigated that case. You've waived that. So, but the difference between Schoenfeld and our case is the facts. The issues in our case are completely different because the issue is, what does the real estate market in Orange County support for a rent adjustment in 2017? To say that's the same case as what the real estate market was in Orange County in 2002 is a phantasm. And Mr. Krolikowski responds that the court, the district court, that adjudicated the case in 2002 set the methodology, the manner, and the specifications for doing that, even though the time difference and the values are different. And your position, as I understand it, is fine. Why don't we see if the arbitrator wants to follow, we'll argue about whether or not the arbitrator wants to follow the district court's methodology and we'll call it a day, right? Just so, Judge Murphy. Because we have to honor the arbitration agreement. We also have to give effect. The arbitrators have to give effect to those prior decisions. They do. Now, I'll just say for the record that they're not correctly stating what the Court of Appeal ruled in the first case that arose from the 2002 reset. Here's the quote from the Court of Appeal. We agree with CPB that the lease does not require or exclude the application of any of the particular valuation methodologies relied on by the parties. So, that was the ruling. But they're free to argue that there's some preclusive effect. And we'll argue that there's not. And in the first instance, the arbitration panel will decide that issue and they'll give it whatever preclusive effect they think it deserves. And that's how that issue will be resolved. And if they don't like the way that gets resolved, your honors will know the limited appellate rights that may flow out of that arbitration. But saying that the market in 2002 is the same issue as the market in 2017, that's a fantasy. There is going to have to be a whole new set of evidence seduced by expert appraisers to say this is what the market would support in rent in 2017. That's what the panel will be called on as arbitrators to decide, not what the market was in 2002. Well, the methodology might be binding. The methodology will be the subject of their preclusion argument. That's the thing that they say is subject to either collateral estoppel or res judicata principles. They think that there was a methodology selected by the court. The decision that was made in which I've just quoted to you says, no, any methodology is fine. The decision of the Court of Appeals in that 2151 Michelson case from 2002 was, well, we're not going to overturn the superior court. They had substantial evidence to choose what they chose to rely on in terms of, I like this appraiser better than that appraiser. Arguing about that in arbitration, too. Absolutely. All right. Thank you. Thank you. Pardon me, before you fold your tent, the 2002 litigation was a determination of what the contractual expression of value to the lessor was. What did the contract say the lessor could get, right? Yeah. The lease says this. Why isn't that determination as to what the meaning of the words in the contract are preclusive? I don't think there's really a dispute about it. The basic rent adjustment says that it's going to be adjusted on the 25th and the 40th anniversaries of the ground rent lease, quotes, to that sum which the lessor could derive from said property if it were made available on the open market for new leasing purposes. With a building on it or flat? Flat. Because it's a ground lease. So it's a hypothetical. If it's got a building on it, you've got to build in the fact that you've got to take the building off. You have to assume that you've got to build a new building. You have to assume that you've got a new building. But what that would cost. Or assume what retrofits you could do to the building. Of course, the building isn't yours. You can't do it. That's right. You assume a scraped site. A vacant site with none of the improvements that were made by the developer. And that's a 2017 market question. Not a 2002 market question. Thank you. Okay, you can fold your tent now. Thank you. I'll be very brief. Yeah, I'll give you about a minute. Thank you. The determination and the methodology is the deciding factors in this case. And the methodology of what to look at in terms of a building being scraped and building a new building, that was all decided previously. And the problem we have is that CPP can state and write and make all sorts of references about how the issue preclusion effect can go to arbitration. And the arbitrators can decide that. But we still have a district court decision which says that is not subject to arbitration. And that's where we have our problem. And that's what needs to be corrected before we can proceed with that. And again, my position prior to that is that they've waived this right to proceed to arbitration based upon their prior conduct. Thank you. All right, thank you. 2151 Nicholson versus CPB is submitted.
judges: Wardlaw, Bea, Murphy